RECEIVED
2009 NOV 13  P 12: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Lewis Howard,** and **Annie Howard,** ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv1050 |
| ) | **Plaintiff Demands Jury Trial** |
| **CitiFinancial Corporation, LLC**, a foreign ) | |
| limited liability company, **AmeriCredit Financial** ) | |
| **Services Inc.**, a foreign corporation, **Equifax** ) | |
| **Information Services, LLC**, a foreign limited ) | |
| liability company, **Trans Union, LLC,** a foreign ) | |
| limited liability company, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COME NOW** Plaintiffs, by and through the undersigned, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiffs") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

Page 1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Autauga County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Lewis Howard (hereinafter referred to as "Plaintiff" or "Lewis Howard") is a natural person and a resident and citizen of Autauga County, the state of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-19-3(2).

4. Plaintiff Annie Howard (hereinafter referred to as "Plaintiff" or "Annie Howard") is a natural person and a resident and citizen of Autauga County, the state of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-19-3(2).

5. Defendant CitiFinancial Corporation, LLC (hereinafter referred to as "CitiFinancial" or "Defendant") is a foreign limited liability company licensed to furnish credit to consumers within the state of Alabama.

6. Defendant AmeriCredit Financial Services Inc. (hereinafter referred to as "AmeriCredit" or "Defendant") is a foreign corporation licensed to furnish credit to consumers within the state of Alabama.

7. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

**Defendants AmeriCredit and CitiFinancial:**

9. Plaintiffs incorporate by reference paragraphs one (1) through eight (8) as if fully set forth herein.

10. On November 04, 2002, Plaintiffs filed for debt relief under Title 11 of the United States Bankruptcy Code and were discharged on February 11, 2008.[1]

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 02-33505.

11. Notwithstanding the aforesaid, Defendants continue to report Plaintiffs' accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy.

12. For example:

    a) AmeriCredit reported, and continues to report, to Equifax, Plaintiffs' accounts as having outstanding balances due and owing in the amount of $10,615. Plaintiffs identified this Defendant within Schedule D - Creditors Holding Secured Claims as having a claim in the amount of $12,000. Furthermore, this alleged indebtedness was satisfied in full through the Chapter 13 Plan and as a result of Plaintiffs' discharge.

    b) AmeriCredit reported, and continues to report, to Trans Union, Plaintiffs' accounts as being "[c]harged off as bad debt" in the amount of $5,509. As stated *infra*, Plaintiffs identified AmeriCredit within Schedule D as having a claim in the amount of $12,000. As stated above, this alleged indebtedness was satisfied in full through the Chapter 13 Plan and as a result of Plaintiffs' discharge.

    c) CitiFinancial reported, and continues to report, to Equifax and Trans Union, Plaintiff Annie Howard's account as being a "CHARGED OFF ACCOUNT; AMOUNT IN HIGH CREDIT IS ORIGINAL CHARGE-OFF AMOUNT" and/or a "bad debt; placed for collection; skip" in the amount of $2,431.

       Plaintiff identified CitiFinancial within Schedule D as having a claim of $4,118. Furthermore, this alleged indebtedness was satisfied in full as a result of Plaintiff's discharge.

13. Defendants obtained knowledge of Plaintiffs' discharge on at least two separate occasions, *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge, as the result of their inclusion within either Schedule D or Schedule F of Plaintiffs' bankruptcy petition.

14. Defendants have recklessly, intentionally, willfully and/or maliciously failed to implement reasonable procedures to insure that Plaintiffs' accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Acknowledging that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

15. Notwithstanding that Defendants properly update numerous accounts each month they have negligently, intentionally, maliciously and/or willfully refused to do so with Plaintiffs, and other similarly situated consumers. More specifically, Defendants have a pattern or practice of failing and/or refusing to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

16. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

17. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

18. Defendants have a tendency to "park" their accounts on at least one of Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's unlawful conduct.

19. Defendants have agreed to and understand they must follow the requirements of the

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (citing *Irby v. Fashion Bug (In re Irby)*, 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes)*, 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith)*, 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller*, 2003 WL 25273851 (Bankr.D.Lewis Howardho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt)*, 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union*, 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

FCRA including, but not limited to, the following:

    a)     15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

    b)     15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

        (i)     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        (ii)     the information is, in fact, inaccurate."

    c)     15 U.S.C. § 1681(a)(2) which states, "[a] person who -

        (A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

        (B)     has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information,</u>

---

[3] As indicated herein, Defendants have either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

<u>that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

20. Defendants know that "parking" balances on consumer accounts will lead to the publication of false and defamatory information every time that consumer's credit reports are accessed. Because Plaintiffs' credit reports have been accessed since the discharge, Plaintiffs have been defamed in that such false information has been published to third parties.

21. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

22. Defendants' actions, engaging in a pattern or practice of parking balances on consumer accounts that have been discharged in bankruptcy, were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiffs, with the knowledge that their actions would very likely harm Plaintiffs, and that their actions were taken in violation of the law.

23. The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal law, and state law of Defendants, regarding Plaintiffs' discharged debts, as described herein, have proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiffs will in the future

continue to suffer.

**Defendants Equifax and Trans Union:**

24. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they have published, and continue to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

25. Indisputably, based upon the sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

26. Defendants' intentional, reckless, and willful violations of the FCRA, ADTPA, federal law and state law has proximately caused Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE
ALL DEFENDANTS
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.***

27. Plaintiffs incorporate by reference paragraphs one (1) through twenty six (26) as if fully set forth herein.

28. In the entire course of their actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information they report as required by 15 U.S.C. § 1681(e)(b);

b) Defaming Plaintiffs by publishing to third parties false information regarding Plaintiffs' creditworthiness;

d) Invading the privacy of Plaintiffs; and

e) Failing in their duty to prevent foreseeable injury to Plaintiffs.

29. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiffs.

30. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiffs' actual, compensatory, and statutory damages, and costs and attorney's fees under the FCRA.

## COUNT TWO
## ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

31. Plaintiffs incorporates by reference paragraphs one (1) through thirty (30) as if fully set forth herein.

32. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the

Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

33. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

34. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon such representations as being lawful, yet such conduct is prohibited.

35. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

36. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiffs for such injury.

## COUNT THREE
## DEFENDANTS AMERICREDIT AND CITIFINANCIAL
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

37. Plaintiffs incorporate by reference paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

39. As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for

actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FOUR
### DEFENDANTS AMERICREDIT AND CITIFINANCIAL
### INVASION OF PRIVACY

40. Plaintiffs incorporates by reference paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

42. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiffs.

43. As a proximate consequence of Defendants' invasion of Plaintiffs' privacy, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FIVE
### DEFENDANTS AMERICREDIT AND CITIFINANCIAL
### DEFAMATION

44. Plaintiffs incorporate by reference paragraphs one (1) through forty-three (43) as if fully set forth herein.

45. Defendants published false information about Plaintiffs by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

46. Likewise, Defendants published false information about Plaintiffs each time Plaintiffs' credit reports were accessed – which was the result intended by Defendants.

47. The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiffs.

48. As a proximate consequence of Defendants' false reporting or publishing, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANTS AMERICREDIT AND CITIFINANCIAL
## DECLARATORY AND INJUNCTIVE RELIEF

49. Plaintiffs incorporate herein by reference paragraphs one (1) through forty-eight (48) as if fully set forth herein.

50. A dispute exists as to whether Defendants have violated the FCRA, ADTPA, federal law or state law.

51. Plaintiffs are entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA, ADTPA, federal law, and state law, and Plaintiffs are similarly entitled to an order enjoining said acts.

52. As a result of Defendants' actions, omissions and violations, Plaintiffs are entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

53. Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent

and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiffs respectfully pray that judgment be entered against Defendants, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants AmeriCredit and Citifinancial to be unlawful, enjoining such Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiffs actual damages;

c) Award Plaintiffs punitive damages;

d) Award Plaintiffs statutory damages where applicable;

e) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 12 day of November, 2009.

_____
Anthony Brian Bush (BUS028)
*Attorney for Plaintiffs*
**Lewis, Bush & Faulk, LLC**

400 South Union Street, Suite 230  
Montgomery, Alabama 36104  
Phone:       (334) 263-7733  
Facsimile:   (334) 832-4390  
Bar Id. #:  ASB-7306-A54B

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**AMERICREDIT FINANCIAL SERVICES, INC.**
c/o CSC Lawyers Incorporating Sys. Inc.
150 S. Perry Street
Montgomery, AL 36104

**CITIFINANCIAL CORPORATION, LLC**
c/o The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104